IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                         CASE NO. 4:02-cv-4025

PHILLIP J. WILLIAMS; LaSHAWNDA CLARK,
f/k/a LaSHAWNDA WILLIAMS, and
ARKANSAS STATE LAND COMMISSIONER                                        DEFENDANTS

## DECREE OF FORECLOSURE

Now on this 22nd day of January 2016, this case comes on to be heard as to the Complaint and Amended Complaint filed against the Defendants, Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams, Willie Clark, Walker Rental Property, Inc., and the Arkansas State Land Commissioner, and the Court being advised of the premises, finds:

1. The Court has jurisdiction of the parties and the subject matter herein pursuant to 28 U.S.C. § 1345.

2. That the Plaintiff filed its Amended Complaint against the Defendants on October 24, 2014.

3. That Defendant Phillip J. Williams, was served by publication; the Defendant Willie Clark was served by publication; the Defendant Walker Rental Property, Inc. was served with summons and a copy of Amended Complaint by certified mail; and the Defendant LaShawnda Clark f/k/a LaShawnda Williams was served with summons and a copy of the Amended Complaint by certified mail.

4. That the Defendant Arkansas Land Commissioner entered his appearance with the filing of his Answer which was filed on October 30, 2014.

5.      That the default of Defendants, Walker Rental Property, Inc. and LaShawnda Clark f/k/a LaShawnda Williams, was entered by the Court on January 26, 2015, pursuant to Rule 55(b), of the Federal Rules of Civil Procedure.

6.      That on July 15, 2015, the United States filed its Motion for In Rem Default Judgment against Defendants Phillip Williams and Willie Clark. Said Motion was granted August 6, 2015. The Court entered its Order and Judgment on Default as to Phillip J. Williams on August 6, 2015. The Court entered its Order and Judgment on Default as to Willie Clark on August 6, 2015.  (ECF Nos. 41-42).

7.      That on or about August 23, 1991, for a good and valuable consideration, the Defendants, Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams, executed and delivered their Promissory Note payable to the United States of America, acting through the Rural Development Service (formerly known as Farmers Home Administration), United States Department of Agriculture, in the principal amount of $22,240.00, with interest accruing at the rate of 8.75 percent per annum, payable in installments beginning on August 23, 1991, and continuing thereafter until paid in full, and providing that upon default the holder might declare the entire indebtedness due and payable.

8.      That the Plaintiff is the legal holder of this note.

9.      That to secure payment of this note, the Defendants Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams executed, acknowledged and delivered to the United States of America, acting through the Rural Development Service (formerly known as the Farmers Home Administration), United States Department of Agriculture, on August 23, 1991, their Real Estate Mortgage, conditioned upon repayment of this note, which was recorded on August 23,

1991, at Book 592, Page 258, in the records of Hempstead County, Arkansas, covering the following described property in Hempstead County, Arkansas to-wit:

> Lots Nine (9) and Ten (10) in Block Three (3) of Sullivan's Addition to the City of Hope, Arkansas.

10. That the Plaintiff is the legal holder of this mortgage.

11. That despite notice and demand, the Defendants Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams have neglected to pay their obligation on this note and are in default thereon, and the Plaintiff has declared the entire indebtedness due and payable and elected to seek judgment and judicial aid of its claim, as allowed in said mortgage and by law, and that there is due the Plaintiff on account of this note the principal sum of $20,881.59, plus accrued interest of $17,059.19, as of August 28, 2014, with interest accruing thereafter at a rate of 8.75 percent per annum, until date of judgment, and costs/fees in the amount of $5,976.01 through August 28, 2014, for a total owing of $43,916.79, plus interest from August 28, 2014, and any additional fees and/or costs incurred thereafter.

12. For valuable consideration, the Defendants, Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams, in said mortgage waived all rights of appraisement, sale, redemption, and homestead and particularly all rights of redemption under the Act of the Arkansas Legislature approved May 8, 1899, and acts amendatory thereof, and said the Defendants, Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams, likewise expressly waived all rights or possibility of dower, curtesy, and homestead in and to said land and property.

13. That the relief now granted to the Plaintiff is not different as to type or material amount from that sought in its Complaint and Amended Complaint.

14. That the time for Defendants, Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams, to otherwise plead has now expired and they have failed to appear or plead

to the Complaint and Amended Complaint. They are not infants or incompetent persons, or in the active military of the United States, and they are in default.

15. Any claim which Defendant, Walker Rental Property, Inc., may have in the property which is subject of this action by virtue of a purchase of the property at a U.S. Marshal's Sale is void since Defendant, LaShawnda Clark f/k/a LaShawnda Williams, commenced her Chapter 13 bankruptcy proceeding, Case No.4:03-bk-71509, Western District Arkansas, prior to the sale of the property being completed.

16. That the Defendant, Arkansas State Land Commissioner, no longer claims an interest in the property which is the subject of this action by virtue of Certificate recorded in Book 714 at Page 606 (forfeited for non-payment of taxes). Said property was redeemed by Redemption Deed No. 166184 dated March 4, 2002, recorded in Book 734, at Page 602. The Arkansas State Land Commissioner does not object to the relief requested by Plaintiff, and the Arkansas State Land Commissioner is immune from any and all liability arising herein.

17. Plaintiff has filed a motion to file a Second Amended Complaint (ECF No. 44) to join the State of Arkansas, Dept. of Finance and Administration, Office of Child Support Enforcement; Stephanie Williams and Contreata Robinson as additional defendants, all of whom may claim an interest in the subject property.

**IT IS THEREFORE, ORDERED AND DECREED**:

That the Plaintiff, United States of America, have and recover judgment *in rem* against the property and not *in personam* against the Defendants, Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams in the amount of $37,940.78, plus interest accruing at a rate of 8.75% per annum from August 28, 2014, to the date of judgment, together with interest at the legal rate of

.58% percent per annum pursuant to 28 U.S.C. § 1961(a) from the date of this judgment until paid, and costs herein laid out and expended.

That the Plaintiff is granted leave of Court to file its Second Amended Complaint which includes the addition of three additional Defendants, the State of Arkansas, Dept. of Finance and Administration, Office of Child Support Enforcement; Stephanie Williams and Contreata Robinson. **Pursuant to CM/ECF Administrative Policies and Procedures Manual for Civil Filings for the Western District of Arkansas § IV, A, any pleading that adds a party must be filed conventionally, on paper with the clerk's office. Pursuant to Rule 5.5(e) of the Rules for the United States District Courts for the Eastern and Western Districts of Arkansas, Plaintiff shall file the amended complaint within seven (7) days of the entry of this order.**

That the prayer of the Plaintiff, United States of America, for a Decree of Foreclosure (ECF No. 44) should be, and is hereby, **GRANTED**.

**IT IS FURTHER ORDERED**, that if the judgment of the Plaintiff is not paid within ten days from this date, then Harold Oglesby, United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Hempstead County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Hempstead County Courthouse in Hope, Arkansas, on a credit of three months, the property above described.

The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment thereof. If the Plaintiff purchases the property for an amount not in excess of its judgment and

costs, which are hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

**IT IS FURTHER ORDERED**, that upon judicial sale of this property, and confirmation thereof by this Court, then all right, title, and interest of all parties in and to said property, including any rights or possibility of curtesy, dower, homestead, appraisement, and redemption are forever barred and **FORECLOSED**. Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the Court will determine the rightful owner thereof.

JURISDICTION of this case is retained.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge


APPROVED:
/s/ Claude S. Hawkins, Jr.
Claude S. Hawkins, Jr.
Assistant United States Attorney

/s/ Carol L. Lincoln
Carol L. Lincoln
Attorney for Commissioner of
State Lands