IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                    CASE NO. 4:02-cv-4025

PHILLIP J. WILLIAMS; LaSHAWNDA CLARK,
f/k/a LaSHAWNDA WILLIAMS; WILLIE CLARK,
HUSBAND OF LaSHAWNDA CLARK,
WALKER RENTAL PROPERTY, INC.,
STATE OF ARKANSAS, DEPT. of FINANCE
and ADMINISTRATION, OFFICE of CHILD
SUPPORT ENFORCEMENT; STEPHANIE
WILLIAMS; CONTREATA ROBINSON; and
ARKANSAS STATE LAND COMMISSIONER                            DEFENDANTS

## DECREE OF FORECLOSURE

Now on this 30th day of November, 2016, comes on to be heard the Complaint by the United States of America, as amended, filed against the Defendants, Phillip J. Williams; LaShawnda Clark f/k/a LaShawnda Williams; Willie Clark; Walker Rental Property, Inc.; State of Arkansas, Department of Finance and Administration, Office of Child Support Enforcement; Stephanie Williams; Contreata Robinson and the Arkansas State Land Commissioner, and the Court being well and sufficiently advised, finds:

1.     The Court has jurisdiction of the parties and the subject matter herein pursuant to 28 U.S.C. § 1345.

2.     Plaintiff's Complaint was originally filed on February 13, 2002, and was amended on October 24, 2014. On January 22, 2016, this Court entered a Decree of Foreclosure as to the named defendants, Phillip J. Williams; LaShawnda Clark, f/k/a LaShawnda Williams; Willie Clark, husband of LaShawnda Clark, Walker Rental Property, Inc., and Arkansas State Land

Commissioner, that determined all issues as to those defendants. The Decree entered on January 22, 2016, is incorporated herein by reference.

3. On January 22, 2016, the Court also granted Plaintiff leave to file its Second Amended Complaint to include three additional Defendants, those being: (a) the State of Arkansas, Department of Finance and Administration, Office of Child Support Enforcement; (b) Stephanie Williams and (c) Contreata Robinson.

4. The State of Arkansas, Department of Finance and Administration, Office of Child Support Enforcement, was duly served with summons and a copy of the Complaint as amended on February 2, 2016. The State of Arkansas, Department of Finance and Administration, Office of Child Support Enforcement, entered its appearance and filed its Answer on February 5, 2016. The State of Arkansas, Department of Finance and Administration, Office of Child Support Enforcement, also entered its appearance on behalf of Contreata Robinson.

5. Plaintiff served Contreata Robinson in care of the Office of Child Support who was authorized to accept service upon her on February 1, 2016. As noted above, the Office of Child Support entered its appearance on behalf of Contreata Robinson.

6. Stephanie Williams could not be found or served within the State of Arkansas and did not voluntarily appear. On July 15, 2016, the Court ordered service to be made upon Stephanie Williams by way of Publication. On September 8, 2016, Plaintiff filed its Proof of Service by Publication. Stephanie Williams was properly served by Publication as ordered by the Court with said Order being published in the Hope Star, a newspaper widely circulated within Hempstead County, Arkansas, for six weeks consecutively, the first insertion therein having been made on July 26, 2016, and the last on August 30, 2016.

7. Stephanie Williams failed to appear, plead, answer or otherwise respond to Plaintiff's Complaint as amended, and on October 25, 2016, this Court entered its Order and Judgment of Default as to the Defendant, Stephanie Williams.

8. On or about August 23, 1991, for a good and valuable consideration, the Defendants, Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams, executed and delivered their Promissory Note payable to the United States of America, acting through the Rural Development Service (formerly known as Farmers Home Administration), United States Department of Agriculture, in the principal amount of $22,240.00, with interest accruing at the rate of 8.75 percent per annum, payable in installments beginning on August 23, 1991, and continuing thereafter until paid in full, and providing that upon default the holder might declare the entire indebtedness due and payable. Plaintiff is the legal holder of said Note.

9. To secure payment of this note, the Defendants Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams executed, acknowledged and delivered to the United States of America, acting through the Rural Development Service (formerly known as the Farmers Home Administration), United States Department of Agriculture, on August 23, 1991, their Real Estate Mortgage, conditioned upon repayment of this note, which was recorded on August 23, 1991, at Book 592, Page 258, in the records of Hempstead County, Arkansas, covering the following described property in Hempstead County, Arkansas to-wit: Lots Nine (9) and Ten (10) in Block Three (3) of Sullivan's Addition to the City of Hope, Arkansas. Plaintiff is the legal holder of this mortgage.

10. Despite notice and demand, the Defendants Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams have neglected to pay their obligation on this note and are in default thereon, and the Plaintiff has declared the entire indebtedness due and payable and

elected to seek *in rem* judgment and judicial aid of its claim, as allowed in said mortgage and by law, and that there is due the Plaintiff on account of this note the principal sum of $20,881.59, plus accrued interest of $17,059.19, as of August 28, 2014, with interest accruing thereafter at a rate of 8.75 percent per annum, until date of judgment, and costs/fees in the amount of $5,976.01 through August 28, 2014, for a total owing of $43,916.79, plus interest from August 28, 2014, and any additional fees and/or costs incurred thereafter.

11. For valuable consideration, the Defendants, Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams, in said mortgage, waived all rights of appraisement, sale, redemption, and homestead and particularly all rights of redemption under the Act of the Arkansas Legislature approved May 8, 1899, and acts amendatory thereof, and said the Defendants, Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams, likewise expressly waived all rights or possibility of dower, curtesy, and homestead in and to said land and property.

12. The relief being granted to the Plaintiff is not different as to type or material amount from that sought in its Complaint as amended in its Amended Complaint and Second Amended Complaint.

13. The time for Defendants, Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams, to plead has expired and they failed to appear or plead to the Complaint and Amended Complaint. They are not infants or incompetent persons, or in the active military of the United States, and they were in default, as previously found by this Court.

14. The Defendant Arkansas Land Commissioner entered his appearance with the filing of his Answers on October 30, 2014, December 14, 2015, and February 2, 2016. The Defendant, Arkansas State Land Commissioner, no longer claims an interest in the property

which is the subject of this action by virtue of Certificate recorded in Book 714 at Page 606 (forfeited for non-payment of taxes). Said property was redeemed by Redemption Deed No. 166184 dated March 4, 2002, recorded in Book 734, at Page 602. The Arkansas State Land Commissioner does not object to the relief requested by Plaintiff, and the Arkansas State Land Commissioner is immune from any and all liability arising herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that:

Plaintiff, United States of America, is entitled to have and recover judgment *in rem* against the property and not *in personam* against the Defendants, Phillip J. Williams and LaShawnda Clark f/k/a LaShawnda Williams in the amount of $37,940.78, plus interest accruing at a rate of 8.75 per annum from August 28, 2014, to the date of judgment, together with interest at the legal rate of .58% percent per annum pursuant to 28 U.S.C. § 1961(a) from the date of this judgment until paid, and costs herein laid out and expended. The lien of the United States of America is prior and superior to any interest claimed by any defendant.

If the above-mentioned indebtedness due the United States of America and *in rem* judgment is not paid within ten days from the date of the entry of this Decree of Foreclosure, then the United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Hempstead County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Hempstead County Courthouse in Hope, Arkansas, on a credit of three months, the property above described.

The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment

thereof. If the Plaintiff purchases the property for an amount not in excess of its judgment and costs, which are hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price. The property shall be sold subject to any unpaid property taxes.

Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all defendants herein and to the property and every part thereof shall from that date be foreclosed and forever barred.

The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Western District of Arkansas, who will proceed to place the purchaser in possession of the property.

The sale proceeds, after expenses of sale, shall be paid and distributed to the United States of America, USDA, Farm Service Agency, to the extent of the indebtedness owed to it secured by its mortgage and judgment described above. Any surplus remaining shall be retained by the U.S. Marshal subject to further orders of the Court, and subject to the Court's determination as to the validity and priority of liens of the other defendants who may claim a lien as to said property.

The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

**IT IS SO ORDERED,** this 30th day of November, 2016.

    /s/ Susan O. Hickey  
    Susan O. Hickey  
    United States District Judge